(Decided 30th April, 1891.)

RICHARD D. FISHER, and others *vs.* HIRAM G. DUDLEY, and others, Supervisors of Election.

*Election—Ballots—Independent candidate.*

Section 128 of Article 33 of the Code of Public General Laws (Act of 1890, ch. 538.) provides that ballots to be used at any election in the State, shall be printed and furnished at public expense, and that thereon shall be printed the names of the several candidates, according to certain directions. Section 129 provides that any

convention representing an organized body, which polled at the late general election at least one per cent. of the entire vote cast, may nominate candidates. Section 130 provides how a nomination by a convention or a primary election shall be certified, and for the addition of a party emblem, and what that may be. Section 131 provides that a candidate for public office, may be nominated by a paper, signed by a certain number of registered voters, and verified by affidavit before a justice of the peace. HELD:

That if the same person be nominated by a political party, and by a nomination paper, properly signed and verified, as an independent candidate, he is entitled to have his name printed on the official ballot in a separate column as an independent candidate, as well as in the column and under the name and emblem of the political party by which he was nominated.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellants, and submitted on brief for the appellees.

*John C. Rose,* (with whom were *Charles J. Bonaparte,* and *Joseph Packard, Jr.,* on the brief,) for the appellants.

*William S. Bryan, Jr.,* and *Peter J. Campbell,* for the appellees.

IRVING, J., delivered the opinion of the Court.

By section 128, of Article 33 of the Code of Public General Laws, as enacted by chapter 538, of the Acts of the General Assembly of 1890, all ballots, to be used and cast at any election in the State, are to be printed and furnished at public expense; and upon these ballots are

to be printed the names of the several candidates according to directions given in succeeding sections enacted by the same Act; and the refusal of the board of supervisors of Baltimore City to place the name of Edward Stabler, Jr.; as a candidate for the First Branch of the City Council of Baltimore City as an independent candidate in a separate place and column other than the column containing the names of candidates of the Republican party, has given rise to this proceeding. The appellants filed their petition in the Baltimore City Court, representing that Edward Stabler, Jr., had been nominated by more than 200 citizens, including the petitioners, all of whom are registered voters, as an independent candidate for the First Branch of the City Council of Baltimore City; that they are not Republicans, and that they have not nominated Mr. Stabler, because he is a Republican, but wholly irrespective of the question of political association; and that they have requested that the name of Mr. Stabler should be put upon the ballot in a different place from the column containing the nominations of the Republican party, which party had also nominated Mr. Stabler as a candidate for the same place, as the petitioners and others had done, by a paper containing more than 200 names; but that the supervisors of election had refused to comply with their request, and would not put Mr. Stabler's name any where but in the Republican group and under the Republican emblem; wherefore the appellants ask for a *mandamus* upon the supervisors of election compelling them to print the name of Mr. Stabler on the official ballot in the independent group of candidates for the place already mentioned.

The appellees answered, denying the right of the petitioners to have Mr. Stabler's name printed elsewhere on the ballot than in the Republican group. The Court agreed with the appellees, and overruled the petitioners' demurrer to the defendant's answer, and refused the

*mandamus.* Hence this appeal, which raises the following questions under the new election law:

(1.) If two or more political parties or bodies of citizens, calling themselves by a party name, nominate, either by conventions, primary elections, or nomination papers, the same man as a candidate for the same office, has each of the parties who nominated him the right to have his name printed on the official ballots under the name of such party and its emblem, if it has selected one?

(2.) If the same man is nominated by a political party, and by a nomination paper in which no party name is set forth, have the persons signing the nomination papers the right to have the name of their candidate printed on the official ballot in another place than under the party name and emblem of the *political* party by which such candidate was then nominated? The questions thus raised depend upon the proper construction of section 131, of Article 33 as enacted by the Act of 1890, chapter 538, already mentioned, in conjunction with sections 129 and 130. Section 129 provides that any convention as hereinafter defined, held for the purpose of making nominations to public office, and also registered voters, to the number hereinafter specified, may nominate candidates for public offices to be filled by election within the State, or any parts thereof. A convention is then defined; and it is also declared in that section that nominations may then be made by means of primary elections without the intervention of any convention. A convention under this section must represent an organized body which polled at the last general election at least one per cent. of the entire vote cast in the State, county, ward, or other division for which the nomination is made.

Section 130 provides how a nomination by a convention, or by a primary election shall be certified, and for the addition of a party emblem, and what that may be.

Section 131 says: "A candidate for public office may be nominated otherwise than by a convention or primary election in the manner following: A nomination paper containing the name of the candidate nominated, his residence, and the office for which he is nominated, shall be signed by registered voters" residing within the political division for which he is nominated; and, stating the number of signatures necessary for various offices, it names not less than 200 names as necessary where the candidate seeks the office which Mr. Stabler does. This nomination paper must be verified by affidavit before a justice of the peace that the signers are registered voters of the district or precinct in which they respectively state they reside. In this case the petitioners' paper nomination was so verified, and was so stated to be in their petition.

The appellees contend that the application of the appellants was unreasonable, and asked that which the law did not provide for, and which, in their judgment, might lead to great inconvenience, and result in a candidate's name being indefinitely repeated in sundry columns, which they contend might greatly enlarge the size of the ballots to be used for voting. They insist that the law does not in express terms entitle a party nominated independently, who may also have been nominated by a political party, to appear but once on the ballot, and that place they decided in this case should be under the party name and emblem. They also say that there is no reasonable implication of such right. A majority of this Court, however, is of opinion, that a reasonable construction of the law does, by implication, entitle such candidate when nominated independently by the requisite number of voters, to a place on the ticket in a place other than in the group of candidates of the political party which may also have nominated him.

The law does not design to make a party nomination and emblem superior in weight or respectability to the

nomination of a number of citizens who, disregarding party, and not desiring to be considered partisans, have selected a man as their candidate for office wholly for his worth, and entirely irrespective of his party affiliation. Desiring to rise above party, and to disown relation and allegiance to it, they ought not to be compelled to vote for a man as a Republican, Democrat, or of any other party name, and to use the ticket of such party and its emblem to accomplish their desire. And a man who has accepted the nomination of a Republican party or Democratic party, or any other party, ought not to be denied the privilege and benefit of accepting the nomination of registered voters who do not desire to vote a partisan ticket. We think, therefore, that when the Legislature gave to registered voters, in certain numbers, the right to nominate a candidate by paper signatures and affidavit as hereinbefore mentioned, it was intended to give them the same right to an independent place separate from a party place as was given to the several political parties. If it should so happen that two political parties should nominate and indorse the same person for a particular place, (which has sometimes happened,) can it be doubted that each party so nominating should be, and would be entitled, to have such persons' names printed in the place assigned to each party? Can it be possible that the Legislature intended to give the supervisors the right of restricting the appearance of such persons' names to one place on the ballot, and selecting under which party name it should so appear? Certainly not; and if not, surely there is no greater reason for their insisting that a person nominated as Mr. Stabler was, shall be voted for only as a partisan, and not also as an independent candidate of the persons nominating him by paper, who are not partisans, and not Republicans as they say in their petition, and do not desire to vote as if they were. We do not see

Fisher, *et al. vs.* Dudley, *et al.*

that this construction of the law will be likely to lead to any such inconvenience as is suggested by the appellees; for no matter by how many independent papers of the requisite number of registered voters, persons may be nominated, still having no party name or emblem, they are *all* to be classed as independents, and the insertion of the candidates' names in an independent column would seem to meet all the requirements of the law, and all the reasonable demands of the candidates so nominated; and a separate column for each independent candidate so nominated would not seem to be necessary. The object of the Legislature would seem to be, to give any person nominated in the way suggested, and as done here, a place other than in a group of party nominations, with which the voters making the nomination did not desire to co-operate. The election being long passed before this appeal reached this Court, a reversal of the order and the granting of a *mandamus* will be nugatory, because the order cannot be executed; but as the question is one of public concern, and the opinion of this Court is desired for the future guidance of the supervisors, we have expressed our views, and in accordance with them the order must be reversed.

*Order reversed.*

(Decided 16th June, 1891.)