Burket J.
It is conceded bj^ counsel for the\ relators that section 6a of the act of April 17th, 1896, 92 Ohio Laws, 185, prohibits the printing of j said names twice on the same ballot, but it is in- Í sisted that said section, in that regard, is unconstitutional. The only question, therefore, to be determined in this case is, whether the general i assembly has the power to pass an act providing, as this one does, that the name of a candidate for office shall appear but once upon the ticket or ballot prepared by the board of elections.
Full legislative power is vested in the general assembly by section one of article two of our constitution, and the power in question is included in that grant of power, unless taken away by some other provision of the constitution.
The only limitations upon this general grant of power cited by counsel for the relators in this case, are section two of article one, which reads: *229 “All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *,” and section two of article five, which reads: “All élections shall be by-ballot.”
The relators seek to compel the board of elections • to place the names of the two candidates upon both the Democratic and upon the Lawyers Judicial Ticket. This necessarily concedes that those tickets are ballots within the meaning of the constitution, because if they are not ballots, there is no right to have these or any other names placed thereon. If they are ballots when the names of certain candidates are on twice, they are equally ballots when the names are on but once. As the constitution is silent as to the number of times a candidate’s name shall appear on a ballot, the matter is open to be regulated by the general assembly. The ballot now authorized by statute is-different in form from that in use at the time of the adoption of the constitution, but it is nevertheless a ballot. No form of ballot is prescribed by. the constitution, and therefore the general assembly is free to adopt such form as in its judgment shall be for the best interests of the state. ‘
The election must be by ballot, but the form of the ballot, so long as it is a ballot, is left to the sound discretion of the general assembly. The ballot or ticket in question is clearly a ballot, and therefore does not contravene the second section of the fifth article of the constitution.
By the second section of the first article of the constitution it is provided, in substance, that government is instituted for the equal protection and benefit of the people. It seems clear that the placing of the name of each candidate upon the *230 ballot once, and only once, would be equal protection and benefit to all the candidates. To place the name of one on the ballot in two places, and the name of his opponent in only one place, would not be exactly fair. It would give the candidate whose name appears twice, an advantage over the candidate, whose name appears but once. So that the statute, instead of being in conflict with this section of the constitution, is in harmony with it, and may have been passed for the purpose of doing away with this advantage which existed under the former statute. It is a proper regulation of the; elective franchise, well calculated to avoid and/ prevent corruption and fraudulent practices, as: well as undue advantage to one candidate over another.
But it is argued that the voters have a right to have the names appear upon both ballots, so that they may more easily vote for the candidates of their choice. No legislature and no court can know in advance how the electors desire to vote, and if an opportunity is given them to vote for the candidates of their choice, by placing the names once in plain print upon the ballots, it is all that can in; fairness be required. The ballot is the same for all, and gives equal protection and benefit to all. < There is no discrimination against or in favor of any one; and if any inequality arises, it arises not from any inequality caused by the statute, but by reason of inequalities in the persons of the voters, and such inequalities are unavoidable. It is always much more difficult for some electors to cast their ballots than for others. Distance, bad roads, means of transportation, bad health, and many other considerations, may and do render it much more difficult for some men to cast their bal *231 lots than others. But these difficulties inhere in the men themselves, and not in the law. Before the law all stand equal, with equal protection and equal benefit, and if their condition becomes such as not to enable them to enjoy the protectior or reap the benefit, it is their fault or misfortune, and n'ot the fault of the law.
The act in question was passed to secure purity in our elections. Certain evil practices had grown up by reason of placing the name of a candidate: upon the same ballot more than once, and the general assembly attempted to prevent such practice; by providing that the name of each candidate1 should appear on the ballot but once. This is a reasonable regulation of the elective franchise, and not in any sense a destruction thereof.
But grant, as is urged by the relators, that some voters may be somewhat-inconvenienced by reason of the name of each candidate appearing but once upon the ballot, yet such voters are not thereby deprived of any protection or benefit in casting their ballot. The inconvenience is onlyj that which is experienced by every one who votes ! other than a straight ticket. Such slight inconvenience to the voter should be endured rather than permit the advantage which one candidate has over another, when the name of one is placed upon1 the ballot twice, and the name of the other but once.
The subject is clearly within legislative discretion, and that body has the power to provide that the name of each candidate shall appear but once upon the official ballot, or it may permit the name to appear more than once. Whatever, inconvenience there maybe to either the candidate or voter in such cases,does not arise to the importance of a failure of *232 equal protection or benefit, and therefore does not conflict with the provisions of the second section of our Bill of Rights.
When rights secured by the constitution seem to conflict when applied to the practical affairs of men, the general assembly is at liberty to so adjust the matter as to cause the least injury to the conflicting interests, and thereby protect the rights of the community as a whole. The equal protection and benefit guaranteed by the constitution does not cover every little inconvenience which may be distorted or reasoned into a seeming inequality, but has reference rather to cases in.which it is attempted by statute, to grant rights or privileges to some, which are withheld from others in the same substantial situation or relation.
The case of Fisher v. Dudley, 74 Md. 242 is cited by the relators and relied upon to show that the names of candidates maj appear more than once on the official ballot. In that case the power of the legislature to pass the act was not questioned, but the case involved the construction of a statute which did not prohibit the name from appearing more than once on the official ballot, and the court held that not being prohibited, it might properly appear as many times as nominations of the same person had been made by different parties. Such was the practice in this state under a similar statute, before the enactment of the present statute.
The Maryland case would, therefore, be an authority to show that our practice was right under the former statute, but it can have no bearing upon the question as to whether the general assembly has the power to prohibit the names from, appearing more than once upon the official ballot.
*233 The case of Todd v. Board of Elections, 104 Mich. 474; 64 N.W. Rep., 496, is very much like the present case, and fully supports the conclusions here reached.
We regard the act in question as clearly within the power of the general assembly, and therefore a valid law.

Writ refused.